1  Robert E. Hess (SBN 178042)
   rhess@mail.hinshawlaw.com
2  James A. Hazlehurst (SBN 257711)
   Jhazlehurst@mail.hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   19800 MacArthur Boulevard, Suite 800
4  Irvine, CA 92612-2427
   Telephone:  949-757-2800
5  Facsimile:   949-752-6313

6  Attorneys for Defendants Unum Group and
   Unum Life Insurance Company of America
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  GAYLE MAHONEY,                          Case No. 3:15-cv-03532

12          Plaintiff,                      **NOTICE OF REMOVAL**

13      vs.                                 [28 U.S.C. 1332, 1441(b), 1446]

14  UNUM GROUP, UNUM LIFE                    [Filed Concurrently With:
    INSURANCE COMPANY OF AMERICA,           -  Civil Cover Sheet;
15  THE COMMISSIONER OF THE                  -  Declaration of Susan Griffin;
    CALIFORNIA DEPARTMENT OF                 -  Declaration of James A.
16  INSURANCE and DOES 1-20,                    Hazlehurst; and
    INCLUSIVE,                               -  Request for Judicial Notice]
17
            Defendants.                      State Action Filed:  August 6, 2014
18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendants Unum Life Insurance Company of America ("Unum Life") and Unum Group (collectively, "Removing Defendants") hereby remove to this Court the action commenced on August 6, 2014 in the Superior Court of the State of California, County of San Francisco, entitled *Gayle Mahoney v. Unum Group, et al.*, Case No. CGC-14-540980. Removal of this action is proper for the following reasons:

## TIMELINESS OF REMOVAL

1.      Service of process was completed on the Removing Defendants in this action on July 2, 2015. True and correct copies of the documents reflecting such service are attached collectively hereto as Exhibit "A." Removing Defendants are informed and believe that Exhibit "A" constitutes all process, pleadings and orders filed in the State Court Action.

2.      This removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days after service of the summons and complaint on Removing Defendants.

## DIVERSITY OF CITIZENSHIP

3.      The action is a civil action of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Removing Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

4.      Plaintiff Gayle Mahoney ("Plaintiff") is, and at all times relevant was, a resident and a citizen of the State of California. Complaint, p. 1, ¶ 1.

5.      Defendant Unum Group is, and at all relevant times was, a general business corporation organized under the laws of the State of Delaware, with its principal place of business located in Chattanooga, Tennessee. Unum Group is a

1

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

1  non-insurance holding company for all of its subsidiary companies, including
2  Defendant Unum Life, which is a corporation with its principle place of business
3  located in the state of Maine.

4        6.    As explained in detail below, Removing Defendants allege that
5  Defendant The Commissioner of the California Department of Insurance
6  ("Commissioner") is a "sham" defendant fraudulently joined in this action whose
7  residence is to be disregarded for removal purposes. *United Computer Sys. v. AT&T*
8  *Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

9  **JURISDICTIONAL AMOUNT**

10        7.    This case involves a dispute between Plaintiff and Unum Life
11  concerning Plaintiff's claim for long term disability benefits under a group disability
12  insurance policy, policy no. 359895 (the "Policy"). The Complaint alleges that the
13  Policy promises to pay Plaintiff disability benefits equal to 66.6667% of her pre-
14  disability earnings, until she reaches age 65, in the event she becomes disabled
15  under the Policy's terms. Complaint, p. 9, ¶¶ 47-49.

16        8.    Plaintiff alleges that after initially approving her claim and granting her
17  benefits in October 2010 (Complaint, p. 11, ¶67), Unum Life then denied her claim
18  and discontinued its payment of benefits on August 22, 2011 (Complaint, p.11, ¶
19  68), and in doing so breached the Policy, breached the duty of good faith and fair
20  dealing and caused Plaintiff severe emotional distress. Complaint, p.11, ¶ 73; p. 13,
21  ¶ 80; p. 15, ¶ 94.

22        9.    If Plaintiff is successful in establishing her entitlement to benefits
23  beyond August 22, 2011, the base disability benefit payable under the terms of the
24  Policy would be $3,078.30 per month. *See* the concurrently filed Declaration of
25  James Hazlehurst, ¶ 2, and Exhibit "1" thereto.

26        10.    Plaintiff alleges that she continues to be disabled, and that Unum Life
27  has upheld its decision to discontinue benefit payments allegedly due her under the
28  policy since August 22, 2011. Complaint, p. 11, ¶¶ 68-73. As noted above, the

2

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

1   Policy provides for disability benefits of $3,078.30 per month, or $36,939.60 per
2   year ($3,078.30 x 12).

3        11.    At $3,078.30 per month, **the allegedly "past due" disability benefits**
4   **at issue as of the date of removal amount to $144,680.10** ($3,078.30 x 47 months
5   since August 22, 2011), not including interest.  Accordingly, the purportedly "past
6   due" benefits at issue alone would easily satisfy the jurisdictional minimum.

7        12.    Plaintiff's first claim for relief is for breach of the implied covenant of
8   good faith and fair dealing (*i.e.*, "bad faith").  A plaintiff who prevails on a bad faith
9   claim arising from the denial of benefits under a disability insurance policy may
10  recover as damages not only past due benefits, but also those future policy benefits
11  that the jury reasonably concludes "the policyholder would have been entitled to
12  receive had the contract been honored by the insurer."  *Egan v. Mutual of Omaha*
13  *Ins. Co.*, 24 Cal. 3d 809, 824 (1979); *see also Albino v. Paul Revere Insurance*
14  *Company*, 349 F. Supp. 2d 1334, 1339-1340 (C.D. Cal. 2004) (including the present
15  value of potential future disability payments when a bad faith claim for relief is
16  pled); *Flores v. Paul Revere Insurance Company*, 2010 U.S. Dist. LEXIS 7654 at
17  *12 (D. Nev. 2010) ("Because the court may consider compensatory damages when
18  determining the amount in controversy [citation], the court will include the
19  $38,029.99 in future benefits in the amount-in-controversy calculation").  Here,
20  Plaintiff alleges that Unum Life promised to pay her benefits under the Policy to age
21  65 (Complaint, p. 9, ¶ 49) and, as noted, the maximum future policy benefits
22  allegedly owed to Plaintiff amount to $36,939.60 per year.  Plaintiff is currently 56
23  years old, and will reach age 65 in September 2023 - - 109 months from the date of
24  removal.   Thus, if Plaintiff prevails on her bad faith claim and demonstrates
25  entitlement to future benefits under the Policy through September 2023, **the**
26  **maximum potential future benefits ($3,078.30 x 109 mos. = $335,534.70) would**
27  **also significantly exceed the amount in controversy threshold**.

28

**HINSHAW & CULBERTSON** LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

3

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

13. Plaintiff additionally claims mental and emotional distress for which she seeks an unspecified sum of damages against Removing Defendants. Complaint, p. 16, ¶ 97; p. 19, ¶ 120. Emotional distress damages are recoverable as damages in a first party insurance bad faith action. *See, e.g., Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1079 (2007). Plaintiff also seeks an unspecified sum of exemplary and punitive damages against Removing Defendants. Complaint, p. 14, ¶ 86; p. 16, ¶ 99; p. 19, ¶ 122. Punitive damages can also be considered in the amount-in-controversy calculation. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("[i]t is well established that punitive damages are part of the amount in controversy in a civil action"). Lastly, Plaintiff also seeks to recover attorneys' fees. Complaint, p. 14, ¶ 84; p. 19, ¶ 124. Such damages are also potentially recoverable (*see Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985)), and thus should be included as part of the amount in controversy. *See Campbell v. Hartford Life Ins. Co.*, 2011 U.S. Dist. LEXIS 106582, *9 (E.D. Cal. 2011) ("Because attorney's fees attributable to the prosecution of Plaintiff's breach of contract cause of action are recoverable via her Bad Faith claim, such fees may therefore be included in determining the amount in controversy."). Therefore, when accounting for all of the above-referenced damages, the amount in controversy in this case significantly exceeds the jurisdictional amount. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995) (emotional distress damages, punitive damages, and attorneys' fees are to be considered in calculating the amount in controversy).

## THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE IS A SHAM DEFENDANT

14. Plaintiff's fourth cause of action alleges that Removing Defendants entered into a California Settlement Agreement ("CSA") with the Commissioner under which they agreed to make certain changes to their claims handling procedures. Complaint, p. 17, ¶ 107; p. 18, ¶ 111. Plaintiff further alleges that,

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

1   under the CSA, the Commissioner has a mandatory duty to monitor Removing

2   Defendants' compliance with the terms of the CSA. Complaint, pp. 117-18, ¶ 109.

3   Plaintiff contends that the Commissioner has breached that obligation by failing "to

4   timely and comprehensively examine the Insurer Defendant's compliance with the

5   CSA." Complaint, p. 18, ¶ 114. Plaintiff seeks a writ to compel the Commissioner

6   to "perform the duties imposed by law" to monitor Removing Defendants'

7   compliance with the CSA. Complaint, p. 19, ¶ 118.

8          15.    Removing Defendants contend that the Commissioner is a "sham"

9   defendant who was fraudulently joined by Plaintiff for the sole purpose of defeating

10  the diversity jurisdiction of this Court, and that removal is proper because no cause

11  of action can be maintained by Plaintiff against the Commissioner for two primary

12  reasons: (1) Because Plaintiff is attempting to compel the Commissioner to exercise

13  *discretionary power* in a particular manner, but mandamus does not lie to compel

14  the Commissioner to perform a discretionary act; and (2) because the Commissioner

15  has in fact performed the task (monitoring compliance with the CSA) that Plaintiff

16  seeks to compel. Under these circumstances, no cause of action for writ of mandate

17  lies.

18              *Removal is proper where a non-diverse defendant is fraudulently joined*

19         16.    Under Federal law, a defendant may remove a case naming a non-

20  diverse defendant on the basis of diversity jurisdiction, if the resident defendant was

21  fraudulently joined. *Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D.

22  Cal. 1991). "[I]f a plaintiff fails to state a cause of action against a resident

23  defendant, and the failure is obvious according to the settled rules of the state, the

24  joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp*., 811

25  F.2d 1336, 1339 (9th Cir. 1987). The defendant seeking removal is entitled to

26  present facts showing that the joinder is fraudulent. *Id*. In *Lewis v. Time, Inc*., 83

27  F.R.D. 455, 460 (E.D. Cal. 1979), the court explained: "In other words, a joinder is

28  fraudulent if 'there [is] no real intention to get a joint judgment and ... there [is] no

5

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

1   colorable ground for so claiming.'…   The court may 'pierce the pleadings, consider

2   the entire record, and determine the basis of joinder by any means available.'"

3       *Plaintiff's attempt to compel the Commissioner to exercise discretionary*

4       *power in a particular manner is improper*

5       17.   Even if Plaintiff's allegations against the Commissioner were made in

6   good faith, diversity jurisdiction is not destroyed because Plaintiff's petition for a

7   writ of mandamus fails as a matter of law.   Under California law, "[m]andamus does

8   not lie to compel a public agency to exercise discretionary powers in a particular

9   manner, only to compel it to exercise its discretion in some manner."   *Aids*

10  *Healthcare Foundation v. Los Angeles County Department of Public Health*, 197

11  Cal.App.4th 693, 700-701 (2011) (holding that specifically requiring the department

12  to take certain steps violated the discretion vested in it and, thus, was not appropriate

13  for a writ of mandate).   Mandamus will not lie to "compel the exercise of [the

14  Commissioner's] discretion in a particular manner or to reach a particular result."

15  *Daily Journal Corp. v. Cnty. of L.A.*, 172 Cal.App.4th 1550, 1555 (2009).   Rather,

16  "Code of Civil Procedure section 1085 may only be employed to compel the

17  performance of a duty which is purely ministerial in character.   A ministerial act is

18  an act that a public officer is required to perform in a prescribed manner in

19  obedience to the mandate of legal authority and without regard to his own judgment

20  or opinion concerning such act's propriety or impropriety, when a given state of

21  facts exists.   Discretion, on the other hand, is the power conferred on public

22  functionaries to act officially according to the dictates of their own judgment."

23  *Rodriguez v. Solis*, 1 Cal.App.4th 495, 501–50 (1991).   Further, the trial court may

24  not substitute its judgment for that of the agency or force the agency to exercise its

25  discretion in a certain way.   *Cal. Ass'n of Med Prods. Suppliers v. Maxwell-Jolly*,

26  199 Cal.App.4th 286, 303 (2011).

27      18.   The CSA provided that the Commissioner would monitor Removing

28  Defendants' compliance with the CSA **at the Commissioner's own discretion**:

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

1  "[t]he Insurance Commissioner shall conduct examinations of the Claim

2  Reassessment Unit's claim decisions and compliance with the other terms of the

3  CSA, including changes made in claims handling practices and procedures

4  contemplated by the CSA, **all in the manner and at such intervals <u>as he or she</u>**

5  **<u>deems appropriate</u> in accordance with the Insurance Code and Regulations**."

6  *See* Exhibit 2 to Plaintiff's Complaint at p. 10 (emphasis added).

7        19.    Here, through her fourth cause of action, Plaintiff improperly seeks to

8  dictate the manner in which the Commissioner exercises his discretion with respect

9  to monitoring Removing Defendants' compliance with the CSA.    It is well

10  established that Plaintiff cannot seek a writ of mandamus to compel the

11  Commissioner to exercise its discretion under the CSA in any particular manner.

12  *Schwartz v. Poizner*, 187 Cal.App.4th 592, 597 (2010); *Daily Journal*, *supra*, 172

13  Cal.App.4th at 1555.    Accordingly, Plaintiff's writ of mandamus cause of action

14  fails as a matter of law, and the Commissioner must be deemed a fraudulently joined

15  defendant.

16        *The Commissioner has already exercised his discretionary power by*

17        *monitoring Removing Defendants' compliance with the CSA*

18        20.    The crux of Plaintiff's mandamus claim – that the Commissioner

19  "failed to timely and comprehensively examine the Insurer Defendant's compliance

20  with the CSA" (Complaint, p. 18, ¶ 114) – is demonstrably false.    In fact, the

21  Commissioner has performed the task of "conduct[ing] examinations of the Claim

22  Reassessment Unit's claim decisions and compliance with the other terms of the

23  CSA."    As stated in a March 28, 2008 Market Conduct Examination Report (the

24  "Examination Report"), the California Department of Insurance ("CDI") conducted

25  an in-depth examination of Removing Defendants' claims handling practices to

26  monitor their compliance with the CSA.    *See* the Examination Report attached as

27  Ex. 1 to the accompanying Declaration of Susan Griffin.    As explained in the

28  Examination Report, "[t]he examination covered the claims handling practices of

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

1    the reassessment of claims arising out of the California Settlement Agreement

2    (CSA) and claims subject to and closed after the California Settlement Agreement."

3    *Id*. at p. 2.  The CDI's examination included "[a] linear review of the actions taken []

4    to comply with the California Settlement Agreement."  *Id*. at p. 3.  In carrying out

5    the examination, the CDI reviewed 281 claims.  *Id*. at p.2.  **The examination was**

6    **made to discover, in general, if these and other operating procedures of**

7    **[Removing Defendants] conform to the California Settlement Agreement** . . .."

8    *Id*.

9        21.    Significantly, **the CDI determined that Removing Defendants had**

10   **complied with their obligations under the CSA:** "[t]he CDI was not able to

11   **identify any alleged violations of the California Settlement Agreement or**

12   **California Insurance Code Section 790.03**."  *Id*. at 3 (emphasis added).

13       22.    Furthermore, the Examination Report confirmed that the Commissioner

14   had a plan in place for continuing to monitor Removing Defendants' compliance

15   with the CSA even after the completion of the examination.  As stated in the

16   Examination Report, **the Commissioner "continues to monitor [Removing**

17   **Defendants'] compliance with the CSA via the CDI complaint process,"** and

18   **"[i]n the event that any pattern or trend of non-compliance is identified,**

19   **additional Market Conduct Examinations will be performed."** *Id*. at p. 7.

20       23.    The above facts establish that the Commissioner has in fact exercised

21   his discretion and satisfied his obligations with respect to monitoring Removing

22   Defendants' compliance with the CSA through (1) the claim file examination

23   reflected in the Examination Report, and (2) the CDI complaint process.

24   Accordingly, Plaintiff has no basis to seek a writ of mandate against the

25   Commissioner, and Plaintiff's Fourth Cause of Action against the Commissioner

26   fails as a matter of law.

27

28

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

8

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

1          *Additional grounds for removal to this Court*

2          24.   Alternatively, the claims against the Removing Defendants should be

3   severed and kept in federal court based on the doctrine of fraudulent misjoinder.

4   *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008) (Fraudulent

5   misjoinder typically occurs when a plaintiff sues a diverse defendant in state court

6   and joins a non-diverse defendant against which the plaintiff has a reasonable basis

7   for a claim, but that claim has little or nothing to do with the plaintiffs claim against

8   the diverse defendant).   Here, Plaintiff alleges that the Commissioner has failed to

9   monitor Removing Defendants' compliance with the CSA under the terms of the

10  CSA.   However, the success or failure of Plaintiff's claim against the Removing

11  Defendants is unrelated to her claim against the Commissioner, because a violation

12  of the CSA is not a condition precedent to a breach of contract, bad faith or

13  intentional infliction of emotional distress claim against the Removing Defendants.

14  Rather, Plaintiff's claims for relief arise out of California statutes, regulations and

15  case law independent of any alleged non-compliance with the CSA.

16         25.   Additionally, plaintiffs' counsel in cases involving disability insurance

17  disputes routinely join the Commissioner as a sham defendant to prevent insurers

18  from removing based on diversity.   California courts have repeatedly sustained the

19  Commissioner's demurrers to nearly identical mandamus complaints without leave

20  to amend.   Undeterred, Plaintiff's counsel here has advanced a meritless claim

21  against the Commissioner that, should the district court order a remand, will

22  undoubtedly be dismissed with prejudice by the superior court on the

23  Commissioner's demurrer.   (*See* concurrently filed Request for Judicial Notice,

24  Exhibits "A" through K".)   That alone is an independent reason for this Court to find

25  that Plaintiff has engaged in a fraudulent joinder.   *See e.g. Time, Inc.*, *supra*, 83

26  F.R.D. at 460; *Surles v. Prudential Ins. Co. of Am.*, 2007 WL 164548, *5 (N.D. Cal.

27  Jan. 19, 2007) (awarding fees against firm for naming insurance commissioner as a

28  defendant simply to destroy diversity jurisdiction).

9

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

26.     Finally, Plaintiff's Fourth Cause of Action against the Commissioner fails because California Code of Civil Procedure Section 1086 requires that a petition for writ of mandate be issued upon a verified petition, and Plaintiff's complaint is unverified.   *Krueger v. Superior Court*, 89 Cal. App. 3d 934, 939 (1979).

## **JOINDER IN REMOVAL**

27.     Because the Commissioner is a sham defendant, he is not required to join in this Notice of Removal.   *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

WHEREFORE, Removing Defendants pray that the above-referenced action now pending in the San Francisco County Superior Court, State of California, Civil Division, Case No. CGC-14-540980, be removed from that court to this United States District Court.


DATED:  July 31, 2015                              HINSHAW & CULBERTSON LLP


By: */s/ James A. Hazlehurst*
Robert E. Hess
James A. Hazlehurst
Attorneys for Defendants Unum Group
and Unum Life Insurance Company of
America

HINSHAW & CULBERTSON LLP
19800 MacArthur Boulevard
Suite 800
Irvine, CA 92612-2427
949-757-2800

10

NOTICE OF REMOVAL OF CIVIL ACTION
Case No. 3:15-cv-03532

## CERTIFICATE OF SERVICE

### *Mahoney v. Unum et al.*
### Case No. 3:15-cv-03532

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am a citizen of the United States and employed in Irvine, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 19800 MacArthur Boulevard, Irvine, CA 92612-2427.

On July 31, 2015, I served the document entitled, **NOTICE OF REMOVAL OF CIVIL ACTION**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL):** I deposited such envelope in the mail at Irvine, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on July 31, 2015July 31, 2015, at Irvine, California.

*Nancy C. Arnold*

_____
Nancy C. Arnold

## SERVICE LIST
### *Mahoney v. Unum et al.*

David Lilienstein
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
david@dllawgroup.com
alice@dllawgroup.com
415-678-5050
415-358-8484

Attorneys for Plaintiff GAYLE MAHONEY