|||
|---|---|
| GAYLE MAHONEY,<br><br>           Plaintiff,<br><br>     vs.<br><br>UNUM GROUP, et al.,<br><br>           Defendants. | Case No:  C 15-3532 SBA<br><br>**ORDER SETTING BRIEFING SCHEDULE RE FRAUDULENT JOINDER ISSUE, AND HOLDING DEFENDANTS' MOTION TO DISMISS IN ABEYANCE** |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

   Plaintiff Gayle Mahoney filed the instant insurance bad faith action in state court against Defendants Unum Group and Unum Life Insurance Company of America (collectively "Unum Defendants"), along with the Commissioner of the California Department of Insurance ("Insurance Commissioner").  The Unum Defendants removed the action on the basis of diversity jurisdiction and have now filed a motion to dismiss. Dkt. 1, 26.  Before addressing the motion to dismiss, however, the Court must first address whether subject matter jurisdiction is present.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) ("the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not").

   The Notice of Removal alleges that Plaintiff is a citizen of California, while the Unum Defendants are citizens of Tennessee and Maine. Not. of Removal ¶¶ 4-5.  The Unum Defendants acknowledge that the Insurance Commissioner is a citizen of California, but contend that he is a fraudulently joined party-defendant. Id. ¶¶ 14-26.  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action

against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

The standard for determining whether a defendant is fraudulently joined is similar to that of a 12(b)(6) motion to dismiss. See Sessions v. Chrysler Corp., 517 F.2d 759, 761 (9th Cir. 1975) ("Inasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under [Rule] 12(b)(6), the joinder of claims against them was not fraudulent . . . ."). At the same time, "some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder." Davis v. Prentiss Properties Ltd., Inc., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999). A defendant seeking removal based on an allegedly fraudulent joinder therefore must do more than show that the complaint fails to state a claim against the non-diverse defendant. See Nickelberry v. DaimlerChrysler Corp., No. 06-1002, 2006 WL 728200, *1-2 (N.D. Cal., Apr. 17, 2006). The removing defendant must also show that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id.; see also Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 (9th Cir. 1989) (holding that defendants are fraudulently joined where the complaint fails to state a cause of action against them, and the plaintiff "cannot prevail on any claims they seek to bring against the defendants").

The Notice of Removal contains an extensive argument in support of the Unum Defendants' contention that the Insurance Commissioner is a fraudulently-joined defendant. Not. of Removal ¶¶ 14-26. Plaintiff has not yet addressed that contention. Because the fraudulent joinder issue bears upon the Court's subject matter jurisdiction, the issue must be resolved before the Court proceeds further with the action, including the adjudication of the Unum Defendants' motion to dismiss.[1]  Accordingly,

IT IS HEREBY ORDERED THAT:

---

[1] Plaintiff previously filed a motion to remand based on defects in the removal process. The Court denied the motion to remand as untimely. Dkt. 25. However, because lack of jurisdiction is a non-waivable defect, the issue may be raised at any time. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

1. Within seven days of the date this order is filed, Plaintiff shall file a memorandum, not to exceed seven pages in length, in response to the Unum Defendants' fraudulent joinder argument as set forth in the Notice of Removal. The Unum Defendants shall file a reply memorandum, not to exceed four pages in length, no later than five days after Plaintiff files his memorandum.

2. The Unum Defendants' pending motion to dismiss shall be held in abeyance pending the Court's determination of whether subject matter jurisdiction is present.

IT IS SO ORDERED.

Dated: 10/27/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge