UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GAYLE MAHONEY,<br><br>           Plaintiff,<br><br>    vs.<br><br>UNUM GROUP, et al.,<br><br>           Defendants. | Case No: C 15-3532 SBA<br><br>**ORDER REMANDING ACTION** |

This matter is before the Court for a determination of whether the Commissioner of the California Department of Insurance ("Commissioner") is a fraudulently joined defendant whose citizenship may be ignored for purposes of diversity jurisdiction. At the direction of the Court, the parties have submitted supplemental briefing regarding this issue. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby finds that the Commissioner was not fraudulently joined, and therefore, the action must be remanded to state court in accordance with 28 U.S.C. § 1447(c).[1]

## I.    BACKGROUND

Plaintiff Gayle Mahoney filed the instant insurance bad faith action in San Francisco County Superior Court against Defendants Unum Group and Unum Life Insurance Company of America (collectively "Unum") and the Commissioner, alleging that Unum wrongfully terminated her long-term disability benefits. Compl. ¶¶ 68-71. According to Plaintiff, Unum's actions are attributable to claims handling practices that it previously agreed to cease, pursuant to a settlement (styled as the California Settlement Agreement

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

("CSA")), reached with the Commissioner in 2005. Id. ¶¶ 71, 111-117. Plaintiff claims, however, that Unum has continued to engage in such practices through the Commissioner's purported failure to monitor Unum's compliance with the CSA. Id. ¶¶ 114-16; see also id. Ex. A (CSA) at 10.² Thus, as to the Commissioner, Plaintiff alleges a claim for mandamus relief to compel "the Commissioner . . . [to] exercise [his] discretion in conformity with California law, in light of the conduct alleged herein and the Commissioner/[Department of Insurance's] notice of said conduct[.]" Compl. at 19.

Unum removed the action on the basis of diversity jurisdiction. Although acknowledging that the Commissioner is a California citizen, Unum contends that he was fraudulently joined for the sole purpose of destroying diversity. Notice of Removal ¶¶ 14-26. Following removal, Unum filed a motion to dismiss. However, because the unresolved issue of fraudulent joinder is germane to the Court's subject matter jurisdiction, the Court ordered the parties to submit further briefing on whether the Commissioner may be deemed to be a fraudulently joined defendant, whose citizenship may be disregarded for purposes of diversity jurisdiction. Dkt. 33. The parties timely submitted their respective briefs, Dkt. 37, 38, and the issue is now ripe for adjudication.

## II. **LEGAL STANDARD**

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). The diversity jurisdiction statute confers jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). The "strong presumption against removal jurisdiction means that the

---

² The CSA provides that: "The Insurance Commissioner shall conduct examinations of the Claims Reassessment Unit's claim decisions and compliance with the other terms of the CSA, including changes made in the claim handling practices and procedures contemplated by the CSA, all in the manner and at such intervals as he or she deems appropriate in accordance with the Insurance Code and Regulations." CSA at 10.

1  defendant always has the burden of establishing that removal is proper," and that the court
2  resolves all ambiguities in favor of remand. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th
3  Cir. 1992) (per curiam) (internal quotation marks omitted).
4        "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's
5  presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails
6  to state a cause of action against a resident defendant, and the failure is obvious according
7  to the settled rules of the state." <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th
8  Cir. 2001).  The removing defendant must also show that the plaintiff "would not be
9  afforded leave to amend his complaint to cure [the] purported deficiency." See <u>Nickelberry</u>
10 <u>v. DaimlerChrysler Corp.</u>, No. 06-1002 MMC, 2006 WL 728200, *1-2 (N.D. Cal., Apr. 17,
11 2006).  There is a "general presumption against fraudulent joinder" and the defendant's
12 burden of demonstrating that a joinder is fraudulent is a "heavy" one. <u>Hunter v. Philip</u>
13 <u>Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009).

14 **III.   DISCUSSION**

15       The salient question presented is whether Plaintiff has stated or could state a claim
16 for mandamus relief against the Commissioner for failing to monitor Unum's compliance
17 with the CSA and California insurance laws and regulations.  Under California law,
18 ordinary mandamus may be utilized "by any court to any . . . person, to compel the
19 performance of an act which the law specifically enjoins, as a duty resulting from an office,
20 trust or station."  Cal. Code Civ. Proc. § 1085(a).  "Ordinary mandamus may be used to
21 compel the performance of a duty that is purely ministerial in nature or to correct an abuse
22 of discretion." <u>Am. Bd. of Cosmetic Surgery, Inc. v. Medical Bd. of Cal.</u>, 162 Cal.App.4th
23 534, 547 (2008).  "While a party may not invoke mandamus to force a public entity to
24 exercise discretionary powers in any particular manner, if the entity refuses to act, mandate
25 is available to compel the exercise of those discretionary powers in some way." <u>Ellena v.</u>
26 <u>Dep't of Ins.</u>, 230 Cal.App.4th 198, 205 (2014).
27       Under the CSA, the Commissioner has a duty to monitor Unum's compliance with
28 the settlement.  CSA at 10.  Unum contends, however, that under the CSA, the manner in

which the Commissioner chooses to monitor the settlement is entirely within his discretion—and that Plaintiff cannot "dictate the manner in which the Commissioner exercises his discretion . . . ." Not. of Removal ¶ 19.  Further, Unum argues that Plaintiffs' allegation that the Commissioner has "failed to timely and comprehensively" monitor Unum's compliance with the CSA, see Compl. ¶ 114, is contradicted by the Commissioner's issuance of a Market Conduct Examination Report ("Market Report") in March 2008 which found no violations of the CSA.  See Griffin Decl. Ex. 1 (Market Report) at 7, Dkt. 4-1.  The Market Report concludes:  The [California Department of Insurance] continues to monitor UNUM's compliance with the CSA via the CDI complaint process.  In the event that any pattern or trend of non-compliance is identified, additional Market Conduct Examinations will be performed." Id.

  The Court is unpersuaded by Unum's contention that the Commissioner is a fraudulently joined defendant.  As Plaintiff points out, the audit conducted by the Commissioner took place once in 2008.  Although the CSA affords the Commissioner discretion with respect to the time "intervals" to audit Unum's practices, Plaintiff may pursue a claim that the Commissioner abused his discretion by choosing to review Unum's compliance only one time, numerous years ago.  See Rando v. Harris, 228 Cal.App.4th 868, 876 (2014) ("An appellant may challenge the Attorney General's exercise of discretion via a writ of mandamus.").  Unum contends that the Commissioner's monitoring is ongoing, and highlights a statement in the Market Report that the Department of Insurance "continues to monitor" Unum's claims handling practices.  Beyond that hearsay statement, however, there is no evidence that has actually occurred.  See Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by *clear and convincing evidence*.") (emphasis added).[3]

---

[3] Unum also suggests that Plaintiff has not yet served the Commissioner, which ostensibly shows that she has no actual intention of pursuing a claim against him.  However, "the motive for joining such a defendant is immaterial." Fink v. Unumprovident Corp., No. C 05-2875 CW, 2005 WL 2375168, *2 (N.D. Cal. Sept. 27, 2005) (citation omitted).

## IV.  CONCLUSION

In sum, the Court finds that Unum has failed to carry its heavy burden of demonstrating that Plaintiff's joinder of the Commissioner in this action was fraudulent. Since the Commissioner's presence in this action destroys diversity, the Court lacks subject matter jurisdiction over the action.  Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the San Francisco County Superior Court.  Unum's motion to dismiss is DENIED without prejudice to reasserting the arguments in said motion in state court.

IT IS SO ORDERED.

Dated:  12/8/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge